## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

In re:  Zachary Alan Burk

Debtor(s)

Case no. 15‑14529‑JDW
Chapter: 7

Mid‑South Maintenance, Inc., an Oklahoma Corporation,
Mid‑South Maintenance, Inc., Memphis, a Tennessee
Corporation, and Worldwide Steel Works, Inc., an
Oklahoma Corporation

Plaintiffs

vs.

Adversary Proceeding no. 16‑01063‑JDW

Zachary Alan Burk

Defendant

## DEFENDANT'S TRIAL MEMORANDUM

COME NOW Defendant/Counter-Plaintiff, Zachary Alan Burk, (hereinafter referred to as

Defendant or Counter-Plaintiff), by and through his attorneys of record, the law firm of Hood &

Bolen, PLLC, and files this his trial memorandum in support of his motion [Dkt. # 6] to dismiss

the complaint filed herein by Plaintiffs/Counter-Defendants, Mid-South Maintenance, Inc., an

Oklahoma Corporation, Mid-South Maintenance, Inc., Memphis, a Tennessee Corporation, and

Worldwide Steel Works, Inc., an Oklahoma Corporation, (hereinafter collectively referred to as

Plaintiffs or Counter-Defendants), pursuant to Rule 12(b), Federal Rules of Civil Procedure, as

incorporated and made applicable to this proceeding pursuant to Rule 7012, Federal Rules of

Bankruptcy Procedure, in the above-styled and numbered case, and by way of such trial

memorandum will show unto the Court as follows, to-wit:

### I.  STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil

Procedure, the court is limited to the allegations set forth in the complaint and any documents

attached to the complaint.  *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th

Cir. 2004).  A plaintiff's complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face.  *Phillips v. City of Dallas, TX.*, 781 F.3d 772,

775-76 (5th Cir. 2015)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

(2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).

The Fifth Circuit has explained the Iqbal/Twombly standard as follows: in order for a

claim to be plausible at the pleadings stage, the complaint need not strike the reviewing court as

probably meritorious, but it must raise more than a sheer possibility that the Defendant has

violated the law as alleged.  *Oceanic Exploration Co. v. Phillips Petroleum Co. Zoc*, 352

F.App'x 945, 950 (5th Cir. 2009)(Per Curiam)(citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).  In

determining whether a complaint states a claim that is plausible on its face, the court draws on its

judicial experience and common sense.  *Id.*

Dismissal is appropriate only when it is clear that the plaintiff can prove no set of facts in

support of his claim that would entitle him to relief.  *Jones v. Greninger*, 188 F.3d. 322, 324 (5th

Cir. 1999)(Per Curiam)(citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).  The issue is

not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence

to support their claims.  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### II.  THE COMPLAINT FILED BY PLAINTIFFS IS UNTIMELY

The above-styled and numbered bankruptcy case was filed on December 28, 2015, as a

voluntary Chapter 7 petition for Zachary Alan Burk, with Plaintiffs listed on Schedule F as

parties holding disputed claims. The notice [Dkt. # 8] setting the Chapter 7 meeting of creditors

was entered on January 12, 2016, by the Court.  This notice set April 8, 2016, as the deadline for

filing either a complaint objecting to discharge or a complaint objecting to the dischargeability of

a particular debt.  On April 8, 2016, Plaintiffs filed a motion [Dkt. # 13] to extend time to

"**object to discharge**" requesting an additional sixty (60) days to file a complaint objecting to

discharge.   On June 1, 2016, the Court entered an order [Dkt. # 20] granting Plaintiffs' motion

and setting a new deadline of June 14, 2016, for Plaintiffs to "**object to discharge.**"   On June

14, 2016, Plaintiffs filed another motion [Dkt. # 22] requesting another extension to file a

"**complaint objecting to discharge**."  On August 19, 2016, the Court entered an order [Dkt. #

26] granting the motion and setting August 22, 2016, as the final deadline for Plaintiffs to

"**object to discharge.**"

        The relief requested by Plaintiffs, the relief agreed upon by the parties and the relief

granted by the Court was the extension of the deadline for Plaintiffs to file a **complaint**

**objecting to discharge** which is limited to the relief pursuant to 11 U. S. C. § 727 and Rule

4004, Federal Rules of Bankruptcy Procedure.   In their complaint, Plaintiffs are now objecting

to the **dischargeability of a debt** pursuant to 11 U. S. C. § 523 and Rule 4007, Federal Rules of

Bankruptcy Procedure.  However, the time for objecting to the dischargeability of any debt

expired on April 8, 2016.  Accordingly, the complaint was filed out of time.

        The time for objecting to the Debtor's discharge pursuant to 11 U. S. C. § 727 and Rule

4004, Federal Rules of Bankruptcy Procedure, expired on August 22, 2016.  In their complaint,

the Plaintiffs did not object to the Debtors receiving a discharge, but only objected to the

dischargeability of a debt.  Accordingly, the time for objecting to the Debtors receiving a Chapter

7 discharge expired on August 22, 2016, and no complaint was timely filed.

Discharge and dischargeability refer to distinct concepts and can not be used interchangeably because they are based on separate polices and are governed by distinct procedural rules. *Willms v. Sanderson*, 723 F.3d 1094, 1101 (9th Cir. 2013)(citing *Irving Fed. Sav. & Loan Ass'n v. Billings (In re: Billings)*, 146 B.R. 431, 435 (Bankr. N.D. Ill. 1992). Even the case cited by Plaintiffs in their response [Dkt. # 19] to the Defendant's motion to dismiss agrees and supports this principle. *In re: Shelton* 58 B.R. 746 (Bankr. Ill. 1986)(Discharge and dischargeability are two entirely separate issues in a bankruptcy proceeding). The time limitations of Rule 4007 and the procedure for extending them are set in stone. *Id.*

The issue before the Court is virtually identical to the issue decided in the *Willms* case. In *Willms*, a motion was filed to extend the deadline for filing either a complaint objecting to discharge or a motion to dismiss. *Willms* at 1098. The Bankruptcy Court denied the requested relief, but opined that this would be a fairly straightforward objection to dischargeability. *Id.* The Bankruptcy Court then *sua sponte* extended the time for the Willmses to file a complaint objecting to dischargeability, although the Willmses never requested such relief and, by all appearances, never even considered such strategy. *Id.* The Ninth Circuit stated that our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief. *Id*. at 1099 (citing *Greenlaw v. United States*, 554 U.S. 237, 244, 128 S.Ct. 2559(2008). Ninth Circuit law strictly construes Rule 4007(c) and courts cannot extend its time limit implicitly where no such motion is made. *Willms* at 1100 (citing *Allred v. Kennerley (In re: Kennerley)*, 995 F.2d 145, 147 (9th Cir. 1993). The Ninth Circuit then remanded the *Willms* case with instructions that the nondischargeability complaint and adversary proceeding should be dismissed with prejudice. *Id*. at 1104.

The Fifth Circuit also rigidly applies the time limits for objecting to discharge.

*Laboratory Corporation of America v. Roberto Avalos*, 361 B.R. 129 (Bankr. S.D. Tex. 2007)(citing *In re: Ichinose*, 946 F.2d 1169, 1172-73 (5th Cir. 1991) any exception to discharge must be filed within a strictly enforced time limit)(*See, Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987) enforcing Rule 4007 (c) time limitation even given the failure of the court clerk's office to provide notice of the deadline dats, as required by the rule).  The Fifth Circuit made it exceedingly clear that the purpose of Rule 4007(c), and by association Rule 4004(a), is to allow informed decision making early in the proceedings and to establish a bar date with certainty. *LabCorp*. at 133 (citing *In re: Dunlap*, 217 F.3d 311, 316 (5th Cir. 2000)).

The U. S. Supreme Court held that objections to the debtor's claim of exemptions must be filed within the thirty-day period provided for in Rule 4003(b), Federal Rules of Bankruptcy Procedure, or be waived.  *Ohio Farmers Insurance Company v. Leet*, 274 B.R. 695 (6th Cir. BAP Ohio 2002)(citing *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644 (1992)).  Rule 4003(b), the focus of attention in Taylor, is similar to Rule 4007(c), in that both rules provide a time limit within which papers must be filed.  *Id*.   Subsequent to the *Taylor* decision, Rule 4003(b) was amended so that both Rules 4003(b) and Rule 4007(c) now specify that motions for extensions of the time limit must be made within the original time period specified by the rule. *Id*.  The Supreme Court has held that courts have no authority to extend the filing deadlines of rules, even where a criminal defendant's lawyer erred in filing the motion for judgment of acquittal just one day late.  *Leet* at 698 (citing *Carlisle v. United States*, 517 U.S. 416, 116 S.Ct. 1460 (1996)).

Accordingly, the complaint objecting to the dischargeability of a debt pursuant to 11 U.S.C. § 523 and Rule 4007, Federal Rules of Bankruptcy Procedure, was filed out of time since

the deadline for filing such an action expired on April 8, 2016.  Furthermore, the deadline for

objecting to a discharge in this case pursuant to 11 U.S.C. § 727 and Rule 4004, Federal Rules of

Bankruptcy Procedure, expired on August 22, 2016.  As a result, the complaint objecting to

dischargeability filed herein must be dismissed with prejudice.

### III.  THE COMPLAINT FAILS TO ALLEGE ANY ACTION THAT WOULD JUSTIFY THE RELIEF BEING REQUESTED

In their complaint, Plaintiffs contend in paragraph numbered 4 that this action is brought

pursuant to 11 U.S.C. § 523 and Rule 7001(6), Federal Rules of Bankruptcy Procedure.

However, Plaintiffs fail to specify the subsection under which they are proceeding.  Pursuant to

11 U.S.C. § 523(c)(1), a debtor shall be discharged from a debt of a kind specified in paragraph

(2), (4) or (6) of subsection (a), unless, on a request of a creditor to whom such debt is owed, and

after notice and a hearing, the court determines such debt to be excepted from discharge.

Generally speaking, for a debt to be nondischargeable under § 523(a), the plaintiff must establish

two (2) elements: (1) the debt itself must be valid and; (2) the debt must satisfy all of the

requirements of one of the subsections of § 523(a).  *In re Bayer*, 521 B.R. 491 (Bkrtcy. E.D.Pa.

2014)( citing *In re August*, 448 B.R. 331, 346-47 (Bank. E.D. Pa. 2011)).  Plaintiffs have not

alleged the existence of any indebtedness between Plaintiffs and Defendant.

In a non-dischargeability action under 11 U.S.C. § 523(a)(2)(A), a plaintiff must prove

the following elements:

(1) The debtor made the representations;
(2) That at the time he knew they were false;
(3) The debtor made the representation with the intention and purpose of
deceiving the creditor;
(4) That the creditor relied on such representations; and
(5) That the creditor sustained the alleged loss and damage as the proximate result
of the representations having been made.

*Id*. (citing *In re Ricker*, 475 B.R. 445, 456 (Bankr. E.D. Pa. 2012); *In re Russell,* 203 B.R. 303

(1996).  The Plaintiffs' case is based on conspiracy and there are no allegations that the

Defendant made any direct representations to Plaintiffs so 11 U.S.C. § 523(a)(2)(A) cannot apply

in this adversary.

In a non-dischargeability action under 11 U.S.C. § 523(a)(4), Plaintiff must prove for

fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.  Plaintiffs

have made no allegations that Defendant was acting in a fiduciary capacity which eliminates the

fraud and defalcation part of 11 U.S.C. § 523(a)(4).

Embezzlement for purposes of this 11 U.S.C. § 523(a)(4) has been defined to mean the

fraudulent appropriation of property by a person to whom such property has been entrusted, or

into whose hands it has lawfully come.  *In re Savage*, 371 B.R. 171, 174 (E.D. La. 2007), quoting

*Miller v. J.D. Abrams, Inc.* (*In re Miller*), 156 F.3d 598, 602 (5th Cir. 1998).  To show

embezzlement for purposes of § 523(a)(4), it is necessary for the Plaintiffs to show:  (1) that they

entrusted their property to the debtor; (2) that the debtor appropriated the property for a use other

than that for which it was entrusted; and (3) that the circumstances indicate fraud.  *Cash Am. Fin.*

*Servs. v. Fox* (*In re Fox*), 370 B.R. 104, 115-16 (B.A.P. 6th Cir. 2007).  The Plaintiffs' case is

based on conspiracy and embezzlement by a third party.  Plaintiffs have made no allegations that

the Defendant was entrusted with any property or that they directly embezzled anything so 11

U.S.C. § 523(a)(4), embezzlement, cannot apply to him.

Some authorities hold that "[f]or purposes of section 523(a)(4), a bankruptcy court is not

bound by the state law definition of larceny but, rather, may follow federal common law, which

defines larceny as a `felonious taking of another's personal property with intent to convert it or

deprive the owner of the same.'"  4 Collier on Bankruptcy ¶ 523.10[2] (15th ed. rev. 2008); see

also, *In re Schlessinger*, 208 Fed. Appx. 131, 133 (3d Cir. 2006) ("Larceny . . . is the felonious

taking of another's personal property with the intent to convert it or deprive the owner of the same.  4 Collier on Bankruptcy ¶ 523.10 (15th ed. 2006)").  Plaintiffs state throughout the complaint that Kimberly Burk is the one who took the money and no allegations have been made that the Defendant directly took and converted anything from Plaintiffs so 11 U.S.C. § 523(a)(4), larceny, cannot apply to him.

In order to determine a debt not to be discharged under § 523(a)(6), a creditor must ultimately prove three elements: (1) the debtor caused an injury; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious.  *In re Bundick*, 303 B.R. 90 (Bankr. E.D. Va. 2003) (citing *Glucona America, Inc. v. Ardisson* (*In re Ardisson*), 272 B.R. 346, 356 (Bankr. N.D. Ill. 2001)(citing *KingVision Pay Per View, Ltd. v. DeMarco* (*In re DeMarco*), 240 B.R. 282, 287 (Bankr. N.D. Ill.1999)).  In this case, Plaintiffs have not alleged and cannot prove that Defendant cause any injury because Kimberly Burk is the party who committed the acts against Plaintiffs.

It is clear that subsections (2), (6) and (4) of § 523 cannot apply to the facts alleged in the complaint.  As the party seeking a determination of nondischargeability, Plaintiffs bear the burden of proving all elements by a preponderance of the evidence, and the court construes § 523(a) strictly against the plaintiff and liberally in favor of the defendant.  *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991); *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998); *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003).  The complaint should, therefore, be dismissed.

## IV.  PLAINTIFFS ARE ALREADY BEING REIMBURSED FOR THEIR LOSS

Kimberly Burk has entered a plea of guilty to embezzling approximately 1.5 million dollars from Plaintiffs and is under an order of the United States District Court, Northern District of Mississippi, to make full restitution to Plaintiffs for all losses Plaintiffs may have suffered.

Any recovery from Defendant would be duplicative and would constitute unjust enrichment for Plaintiffs.

Plaintiffs admit on page 3 of their response to the motion to dismiss that, "[T]here does not appear to be any dispute that the existence of a criminal restitution order precludes a civil judgement for the same transaction."

WHEREFORE, Defendant prays that this Honorable Court will enter an order dismissing the complaint filed herein by Plaintiffs, and for such additional, different, alternative or general relief as the Court may deem appropriate as just and proper.

Respectfully Submitted,

HOOD & BOLEN, PLLC

By: */s/ R. Michael Bolen*
    R. MICHAEL BOLEN
    MSB # 3615

HOOD & BOLEN, PLLC
ATTORNEYS AT LAW
3770 HWY. 80 WEST
JACKSON, MISSISSIPPI 39209
(601)923-0788
rmb@hoodbolen.com

## <u>CERTIFICATE OF SERVICE</u>

I, R. Michael Bolen, do hereby certify that I have this day served by electronic mail, electronic filing transmission, hand delivered or mailed by first class mail, postage prepaid, a true and correct copy of the foregoing trial memorandum to the parties listed below on this the <u>6th</u> day of <u>December</u>, 20<u>16</u>.

*/s/ R. Michael Bolen*
R. Michael Bolen

U. S. Trustee
501 E. Court St., Suite 6-430
Jackson, Mississippi 39201
Facsimile (601)965-5226
USTPRegion05.JA.ECF@usdoj.gov

Locke D. Barkley
Standing Chapter 13 Trustee
6360 I-55 North, Suite 140
Jackson, Mississippi 39211
lbarkley@barkley13.com

Hugh H. Armistead, Esq.
Attorney At Law
6879 Crumpler Blvd., Suite 100
Olive Branch, Mississippi 38654
hugh@nmstitle.com
*Attorney for Plaintiffs*

Robert T. Cornelius, Sr., Esq.
Attorney At Law
Post Office Box 59
New Albany, Mississippi 38652
bob@corneliuslawfirm.com